No. 19,249.

Vernon T. Bodo, et al. *v.* David Logan, etc.

(358 P. [2d] 889)

Decided February 20, 1961.

Mr. William S. Eakes, Mr. E. B. Hamilton, for plaintiffs in error.

Messrs. GARRISON, DILTS & HANCOCK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFFS in error were defendants in the trial court and we will refer to them as such or by name.

David Logan, a minor, brought the action, by Kenneth D. Logan his father and next friend, to recover damages for personal injuries resulting from an automobile accident which occurred in La Plata county on State Highway 284. He alleged in his complaint that he was riding as a passenger in the motor vehicle driven by Ronald V. Bodo and that the latter "operated said vehicle in a careless and negligent manner, such negligence consisting of a wilful and wanton disregard of the rights of others." It was alleged that the defendant Vernon T. Bodo was the owner of the vehicle, the driver being his son.

Defendants denied that the vehicle was operated in a negligent manner and affirmatively alleged: (1) contributory negligence on the part of plaintiff; (2) that plaintiff and the driver were "engaged in a joint adventure" at the time of the accident, by reason of which any negligence of Ronald Bodo was imputable to the plaintiff; (3) assumption of risk by the plaintiff; and (4) the guest statute (C.R.S. '53, 13-9-1) as a bar to plaintiff's claim.

The action was tried to a jury which returned a verdict in favor of plaintiff for $9,500.00. Judgment was entered thereon and defendants seek reversal by writ of error.

As grounds for reversal it is argued that:

(1) The evidence presented by plaintiff, as a guest passenger, to show wilful and wanton disregard on the

part of the defendant driver was, as a matter of law, insufficient to create a jury question.

(2) The court erred in giving instruction No. 7 dealing with the subject of damages for permanent disability of the plaintiff. It is contended that the alleged failure of plaintiff to properly care for himself, as a matter of law, was an "independent, intervening cause" of any permanent disability which might have been sustained by him. It is also contended that the said instruction authorized the jury to consider, as an element of damages, future medical expenses and prospective and accrued loss of earnings — all without proper evidentiary support.

(3) The court erred in admitting evidence of permanent disability, which as an item of special damage was not sufficiently alleged in the complaint.

(4) The court erred in admitting the Colorado Mortality Tables in evidence.

■ There are numerous decisions of this court holding that under the pertinent factual situations present in each such case it was error to submit to the jury the issue of whether negligence consisting of a wilful and wanton disregard of the rights of others was present. Here the trial court correctly instructed the jury concerning the difference between simple negligence and that which must be shown to exist before a guest can recover damages from the driver of a motor vehicle in which he is a passenger. Counsel for defendants made no objection to the substance of the instruction.

It is argued that there was no evidence from which the jury could find that wanton or wilful negligence was present, and for that reason the issue should not have been submitted. No good purpose would be served by including in this opinion the evidence which we conclude was sufficient to warrant the submission of the question to the jury for determination. Suffice it to say that we have read the entire reporter's transcript and

conclude that no error was committed by the trial court in this connection.

Instruction No. 7, to which objection was made, informed the jury that if it found for the plaintiff on the issue of liability, in determining the damages to be awarded the jury might, "take into consideration the bodily injury, temporary and permanent disability, past and present loss of earnings, future medical expenses, * * * loss of future earnings, if any, and pain * * *."

■ It is argued that as a matter of law the evidence discloses that any permanent disability was caused by the failure of plaintiff to remain off his broken leg for a sufficient time to permit it to heal. There was some evidence which tended to present an issue of fact as to whether the plaintiff did or did not use ordinary caution in this respect. The minds of reasonable men might have drawn different inferences from the evidence. By Instruction No. 8 the trial court clearly informed the jury, inter alia, that:

" * * * if you find from the evidence that after being injured in the accident, the plaintiff was negligent and failed to take proper care of himself and his injuries, and if you find that but for such negligence and lack of proper care on the part of the plaintiff, the plaintiff would have made a full recovery, then you shall make no allowance to plaintiff for those damages which were not a direct result of the accident but which were, instead, a direct result of the plaintiff's own failure to take care of himself and of the injuries he received in the accident."

The foregoing gave to the defendants all the protection to which they were entitled under the law, and it is presumed that the jury considered this instruction in the light of all the evidence and reached its verdict after due consideration thereof.

■ We have considered the argument that the trial court erroneously permitted the jury to consider the questions of permanent disability, future medical bills

478

and future loss of earnings because the complaint did not sufficiently allege facts with relation thereto. We find no merit in these contentions.

Paragraph 5 of the complaint as amended contains the following which is sufficient to put the defendants on notice with relation to those matters:

"That as a result thereof, Plaintiff has suffered great pain of body and mind; has been disabled since the date of said accident and will continue to be disabled for a period of one year or more from the date of filing this complaint, and that Plaintiff has incurred doctor and hospital bills, been prevented from transacting his business, all to Plaintiff's damage in the sum of $20,000.00."

Temporary injuries long continued, permanent disability, medical bills and loss of earnings are not unusual results of automobile accidents, but on the contrary are reasonably to be expected.

The issues were carefully tried and perceiving no error the judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.